NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SENTYNL THERAPEUTICS, INC., a
California corporation,

Plaintiff-Appellant,

v.

U.S. SPECIALTY INSURANCE
COMPANY, a Texas corporation,

Defendant-Appellee.

No.   21-55370

D.C. No.
3:19-cv-01667-LAB-AHG

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted January 11, 2022
Pasadena, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,** District
Judge.

Sentynl Therapeutics, Inc. ("Sentynl"), appeals the district court's summary

judgment holding that certain costs were not covered by a directors, officers and

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

organization policy issued to Sentynl by U.S. Specialty Insurance Company ("U.S. Specialty").  We have jurisdiction, *see* 28 U.S.C. § 1291, and affirm.

Sentynl markets two prescription opioid pain relievers.  In 2018 and 2019, it received subpoenas from the United States Attorney's Office for the District of New Jersey in conjunction with an investigation of potential violations of federal law by anyone illegally profiting from opioids.  After U.S. Specialty denied Sentynl's claim under the policy for reimbursement of the costs of complying with the subpoenas, Sentynl sued for breach of contract and of the implied covenant of good faith.

Reviewing de novo, *see Trishan Air, Inc. v. Federal Ins. Co.,* 635 F.3d 422, 426-27 (9th Cir. 2011), we agree with the district court that the costs were not covered.  The policy excludes coverage for, among other things, "Loss in connection with a Claim arising out of, based upon or attributable to any goods or products manufactured, produced, processed, packaged, sold, marketed, distributed, advertised or developed by [Sentynl]."  As both parties acknowledge, the interpretation of the exclusion is an issue of California law.  Since there is no case directly on point, our task is to "predict how the state high court would resolve [the issue]." *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).  Having reviewed analogous cases, we are satisfied that the district court's analysis was correct.

First, the district court correctly defined "arising out of" broadly. In *Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076 (9th Cir. 1985), we held that "'[a]rising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to, or having connection with.'" *Id.* at 1080. Similarly, in *Southgate Recreation & Park Dist. v. California Assn. for Park & Recreation Ins.*, 106 Cal. App. 4th 293 (3d Dist. 2003), California's Third District described the phrase as "a broad concept requiring only a slight connection or an incidental relationship between the injury and the excluded risk"; it "generally equated 'arising out of' with origination, growth or flow from the event." *Id.* at 301 (internal quotation marks omitted).

It does not matter that the "arising out of" language appears in an exclusion. Both *Continental Casualty* and *Southgate Recreation & Park District* also involved exclusions. *See* 763 F.2d at 1080; 106 Cal. App. 4th at 301. We find no support for Sentynl's claim that *State Farm Mutual Automobile Ins. Co. v. Partridge*, 514 P.2d 123 (Cal. 1973)—which predates both cases—requires a different result. *Partridge* confirms that exclusions in an insurance policy are to be narrowly construed against the insurer when they are ambiguous. *See* 514 P.2d at 129. But this rule of construction must be reconciled with the rule that we must "giv[e] effect to the intent of the parties in light of a clause that broadly excludes

3

coverage." *Los Angeles Lakers, Inc. v. Federal Ins. Co.*, 869 F.3d 795, 805 (9th Cir. 2017). "Arising out of" is broad but not ambiguous. *See Continental Casualty Co.*, 763 F.2d at 1080 (holding that "arising out of" is "susceptible to only one reasonable meaning").

Second, the district court correctly held that the costs of complying with the subpoenas "ar[ose] out of . . . goods or products manufactured, produced, processed, packaged, sold, marketed, distributed, advertised or developed by [Sentynl]." The subpoenas were issued as part of an investigation directed at anyone illegally profiting from opioids. We agree with the district court that Sentynl's involvement in the investigation "orginat[es] from, ha[s] its origin in, grow[s] out of or flow[s] from" its opioid products. *Continental Cas. Co.*, 763 F.2d at 1080.

Nothing in the language of the exclusion limits it, as Sentynl argues, to claims based on a defect in, or characteristic of, the products. "It is settled that ['arising out of'] does not import any particular standard of causation or theory of liability into an insurance policy." *Travelers Prop. Cas. Co. of Am. v. Actavis, Inc.*, 16 Cal. App. 5th 1026, 1045 (4th Dist. 2017) (internal quotation marks omitted). Moreover, *Actavis* supports the district court's conclusion that a goods and products exclusion embraces claims about what a seller "said and did not say about the products." *Id.* at 1044 (internal quotation marks omitted).

4

We also disagree with Sentynl that the district court's interpretation of the exclusion renders coverage illusory. An exclusion does not render coverage illusory unless it entirely eliminates coverage *See, e.g.*, *Safeco Ins. Co. of Am. v. Robert S.*, 28 P.3d 889, 894 (Cal. 2001). The exclusion would not apply to several types of claims even under a very broad definition of "arising out of." For example, a claim for sexual harassment would have no conceivable connection to the products Sentynl sells; such a claim could be brought against any company regardless of the type of business it does. The subpoenas, by contrast, are clearly connected to companies in the opioid market.

Finally, we note that the goods or products exclusion applies only to claims against Sentynl itself, while several subpoenas were issued to current and former employees of Sentynl. The district court did not address that point because Sentynl did not raise it. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020) (internal quotation marks omitted). In any event, the policy covered only claims for "Wrongful Acts." Nothing in the record suggests that any current or former employee has been accused of any such acts.

In light of our disposition, we need not address U.S. Specialty's alternative argument that coverage was barred under the separate exclusion for prior acts.

**AFFIRMED.**

5